IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SAMUEL G. BAILEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BLACK ENTERTAINMENT TELEVISION, ET AL.,<br><br>　　　　Defendants. | No. 3:09-CV-787 (JRS) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Black Entertainment Television LLC, Paramount Pictures Corporation, and Viacom Inc., sued incorrectly in this action as "Black Entertainment Television," "Paramount," and "Viacom," respectively, by and through undersigned counsel and pursuant to Local Civil Rule 7(F) of the United States District Court for the Eastern District of Virginia, respectfully submit this memorandum of law in support of their Motion to Dismiss, which they have filed contemporaneously herewith.

## PRELIMINARY STATEMENT

Through this civil action, *pro se* plaintiff Samuel Bailey asserts an entitlement to recover $200 million in damages from defendants based upon their alleged involvement in the production of the 2006 motion picture *Dreamgirls*, which Mr. Bailey contends infringed his copyright in an unproduced 1992 screenplay he wrote titled "Poison Passion." *See generally* Compl. [Dkt. No. 1]. The only factual allegation in the complaint relevant to this claim is that three characters in *Dreamgirls* – "Effie White," "Deena Jones," and "James Early" – supposedly share similar names or occupations with three characters in Mr. Bailey's work. *Id.* Even if this

is true, however, such generic commonalities cannot form the basis of a cognizable infringement claim under the Copyright Act, and, in any event, are entirely unremarkable given that both works post-date by many years the 1981 Tony Award-winning Broadway musical *Dreamgirls*, from which the film was adapted and which featured these very same characters with these very same names and occupations.[1]

At bottom, Mr. Bailey's complaint contains little more than imaginative supposition about the creation of the film *Dreamgirls* and its relationship to Mr. Bailey's own work, and thus fails to state a claim upon which relief may be granted. Accordingly, and for the reasons that follow,

---

[1] Although Mr. Bailey fails to include in his complaint the date when he created his "Poison Passion" screenplay – perhaps due to the fact that his prior copyright claim in this Court was exposed as meritless because, *inter alia*, the script for the allegedly infringing film, *The Negotiator*, was drafted before Mr. Bailey allegedly provided the defendants with a copy of his screenplay, *see Bailey v. New Regency Prods., Inc.*, No. 99-2525, 2000 WL 338993, at *1 (4th Cir. Mar. 31, 2000) (unpublished disposition) – the record of his registration with the U.S. Copyright Office, a true and correct copy of which is annexed hereto as Exhibit A, discloses that he created the work in 1992. *See* Ex. A.

Such copyright registration records are subject to judicial notice, *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005), particularly in light of the fact that the existence of a copyright registration is a prerequisite to this Court's exercise of subject-matter jurisdiction in an infringement action such as this, *Morris v. Business Concepts, Inc.*, 259 F.3d 65, 72 (2d Cir. 2001); 17 U.S.C. § 411(a).

The Court also may take notice that the *Dreamgirls* musical premiered in 1981 and that it included the characters "Effie," "Deena," and "James Early," which facts are reflected in countless publicly available sources, including, for example, a theater review published in *The New York Times* the day after the inaugural December 20, 1981, show. *See* Frank Rich, *Stage: 'Dreamgirls,' Michael Bennet's New Musical, Opens*, N.Y. TIMES, Dec. 21, 1981, at sec. 2, p.1, a true and correct copy of which is annexed hereto as Exhibit B; *see also* FED. R. EVID. 201(b) (court may take notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"), 803(16) (statements in authenticated document in existence for more than twenty years not excluded by hearsay rule), 902(6) (newspapers and periodicals are self-authenticating).

Judicially noticed facts, moreover, are properly considered in adjudicating a Rule 12(b)(6) motion to dismiss. *See Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

defendants respectfully request that the Court dismiss plaintiff's complaint with prejudice. *See* FED. R. CIV. P. 8(a), 12(b)(6), 41(b).[2]

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure entitles a defendant to dismissal of a complaint when it appears from the face of the pleading – as well as from examination of "other sources courts ordinarily examine when ruling on [such] motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) – that the plaintiff cannot obtain the relief he seeks even if all well-pleaded factual allegations (as opposed to legal conclusions) and the reasonable inferences derived therefrom are accepted as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court set forth "[t]wo working principles" that govern review of Rule 12(b)(6) motions.  First, the "[t]hreadbare recitals of the elements of a cause of action" in a complaint, "supported by mere conclusory statements, do not suffice" to state a viable claim. *Id*. Second, a complaint can survive a motion to dismiss only if it "states a *plausible* claim for relief." *Id*. at 1950 (emphasis added). "A claim has facial plausibility when the plaintiff *pleads factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949

---

[2] Rather than properly serve defendants through appropriate channels in the manner required by Rule 4, plaintiff simply mailed the complaint (without the requisite summons) to defendants' corporate offices before he had even commenced this action. *See* Compl. [Dkt. No. 1] ("Certificate of Service (via 1st Class Mail)").  This disregard for procedures, particularly from an experienced *pro se* litigant, is itself grounds for dismissal. *See* FED. R. CIV. P. 12(b)(4), 12(b)(5).  In light of the service deficiencies, defendants are filing this motion to dismiss within twenty-one days of December 14, 2009, the date on which this action was filed and summonses were issued by the Clerk of the Court. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

(emphasis added); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiff must put forth sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level" in order to survive a motion to dismiss). Determining whether a claim is plausible, and not merely possible, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Although a *pro se* litigant is entitled to liberal construction of his pleading, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("allegations of . . . pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers"), even a *pro se* plaintiff is not excused from the requirement that his complaint "'must allege facts that raise a right to relief above the speculative level,'" and a *pro se* complaint must be dismissed if it does not meet this threshold pleading standard. *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008) (citation omitted), *cert. denied*, 129 S. Ct. 1647 (2009); *see Webb v. Allison*, No. 3:08-CV-744 (JRS), 2009 WL 3415676, at *1 (E.D. Va. Oct. 22, 2009).

**ARGUMENT**

To establish a claim for copyright infringement, a plaintiff must plead and prove that he "owned a valid copyright and that the defendant copied the *original* elements of that copyright." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001) (emphasis added). Where, as here, verbatim duplication of the work (*i.e.*, plagiarism) is not alleged, the plaintiff must plead and prove (1) that "the defendant had access to the copyrighted work" and (2) that "the defendant's work is 'substantially similar' to the protected material," meaning that the two works are "'extrinsically similar because they contain substantially similar ideas that are subject to copyright protection' . . . [and] are 'intrinsically similar' in the sense that they express those ideas in a substantially similar manner from the perspective of the intended audience of the work." *Id*. (citations omitted).

4

Here, Mr. Bailey has not even made a conclusory allegation that defendants ever had access to his "Poison Passion" screenplay, let alone alleged specific circumstantial facts suggesting that such access was "plausible." *See Iqbal*, 129 S. Ct. at 1950. But, even putting aside that dispositive failing, Mr. Bailey's complaint makes no allegation that *Dreamgirls* replicates any of the "original" (*i.e.*, copyright-protectable) elements of his own screenplay. *See Lyons P'ship, L.P.*, 243 F.3d at 801. Rather, the complaint merely alleges that some of the characters in *Dreamgirls* have similar names or occupations to characters in Mr. Bailey's screenplay. It is well-established, however, that such superficial elements of a work are not sufficiently creative to warrant copyright protection. *See* 37 C.F.R. § 202.1 ("Words and short phrases such as names" are not subject to copyright); *see also Towler v. Sayles*, 76 F.3d 579, 584 (4th Cir. 1996) (no copyright infringement where "only similarity shared by the two screenplays is that they both have a black female character and a white female character who are friends"). Thus, the "factual content" of the complaint in this action plainly does *not* "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as it must to meet the "plausibility" standard for federal court pleadings. *Iqbal*, 129 S. Ct. at 1949. Indeed, the fact that these very characters, as well as the basic storyline of *Dreamgirls*, were created more than a decade before Mr. Bailey wrote his "Poison Passion" screenplay makes any claim of infringement by Mr. Bailey facially *implausible*.

In the more than three years that have passed since *Dreamgirls* was first publicly exhibited, Mr. Bailey has been unable to identify anything about the film that resembles his own work aside from the basic identities of three characters who also happen to correspond to the characters in a Broadway musical that long pre-dates Mr. Bailey's work and from which the film was consciously adapted. *See* Ex. B. Under these circumstances, any attempt to amend the

complaint would plainly be futile, and defendants respectfully submit it would be wasteful to expend further resources (their own or this Court's) addressing plaintiff's obviously fanciful theories of infringement.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court dismiss Mr. Bailey's complaint in its entirety, with prejudice, and award defendants any such other and further relief as the Court deems just and proper.

Should the Court dismiss the complaint without prejudice or otherwise grant Mr. Bailey leave to re-plead his claim, defendants request that the Court advise Mr. Bailey of the mandates of Rule 11, and the potential for sanctions for violations thereof, *see, e.g.*, *Sudduth v. Vasquez*, No. 1:08-CV-1106, 2009 WL 211572, at *7 (E.D. Va. Jan. 26, 2009), as well as the provisions of the Copyright Act providing for the discretionary award of attorney's fees to prevailing defendants in an infringement action, 17 U.S.C. § 505.

## "*ROSEBORO* NOTICE"

Pursuant to Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), undersigned counsel advises plaintiff of the following:

(1) Plaintiff is entitled to file a response opposing the motion; any such response must be filed within twenty (20) days of the date on which this Motion to Dismiss was filed.

(2) The Court could dismiss the action on the basis of defendants' moving papers if plaintiff does not file a response.

(3) Plaintiff must identify all facts stated by defendants with which the plaintiff disagrees and must set forth the plaintiff's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by

filing sworn statements (bearing a certificate that it is signed under penalty of perjury).

(4)  Plaintiff is also entitled to file a legal brief in opposition to the one filed by the defendants.

Dated:  January 4, 2010

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

By:   /s/ John B. O'Keefe
       John B. O'Keefe, Va. Bar. No. 71326

1050 Seventeenth Street, N.W., Suite 800
Washington, DC  20036-5514
Telephone:  (202) 508-1100
Facsimile:  (202) 861-9888
Email: jokeefe@lskslaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all filing users.  And I hereby certify that I have mailed a copy of the foregoing by first-class U.S. mail, postage prepaid, to the following non-filing user:

>Samuel G. Bailey
>P.O. Box 706
>Burgess, VA  22432
>
>*Plaintiff Pro Se*

>  /s/ John B. O'Keefe
>John B. O'Keefe, Va. Bar. No. 71326
>Levine Sullivan Koch & Schulz, L.L.P.
>1050 Seventeenth Street, N.W., Suite 800
>Washington, DC  20036-5514
>Telephone:  (202) 508-1100
>Facsimile:  (202) 861-9888
>Email: jokeefe@lskslaw.com
>
>*Counsel for Defendants*