IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SAMUEL G. BAILEY, <br><br> Plaintiff, <br><br> v. <br><br> BLACK ENTERTAINMENT TELEVISION, et al., <br><br> Defendants. | Civil Action Number 3:09CV787 |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Black Entertainment Television, LLC, Paramount Pictures Corporation, and Viacom Inc.'s ("Defendants") Joint Motion to Dismiss pro se Plaintiff Samuel Bailey's copyright infringement Complaint against them for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 4), and Plaintiff Samuel E. Bailey's ("Plaintiff") Motions for Discovery of Evidence (Doc. Nos. 8 & 14), Motion for Pre-Trial Hearing (Doc. No. 9), and Motion for Constitutional Opposition (Doc. No. 15.)  After examination of the parties' memoranda and the record, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.  For the reasons stated below, Defendants' Motion is GRANTED and Plaintiff's Complaint is hereby DISMISSED with prejudice.  Plaintiff's remaining Motions are subsequently DENIED.

## I.  BACKGROUND

This mater arises out of Plaintiff's Copyright Infringement claim against Defendants.  (Doc. No. 1.)  Plaintiff claims that Defendants infringed on his copyright under 17 U.S.C. § 101 et seq. in

producing the movie "Dreamgirls" based upon Plaintiff's 1992 Screenplay "Poison Passion" without his consent. Plaintiff lists the main characters, Deena, Effie, and James Early, in "Dreamgirls," their occupations, and alleges that each is "an exact replica" of those characters in his own work. Plaintiff seeks compensatory and punitive damages of $200,000,000.00. He attached no other evidence to his Complaint, but attaches to his Response a copy of his "Poison Passion" copyright, dated September 4, 1992, a copy of his screenplay, and various correspondences between himself, his former attorney, and BET. Defendants filed a Motion to Dismiss the claim, including a Roseboro notice to Bailey as a pro se party, as required by Local Civil Rule 7(k), and Plaintiff responded. The matter is ripe for review.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, in ruling on a Rule 12(b)(6) motion, a court must regard all factual allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), as well as any facts that could be proved consistent with those allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief, and therefore, the issue can be decided as a matter of law. Zeran v. America Online, Inc., 129 F.3d 327, 329 (4th Cir. 1997).

However, since the complaint must give the defendant fair notice of the claim and the grounds upon which it rests, the plaintiff must allege facts which show the claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554, 556 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

This determination is " . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quotations and citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. Id. Based upon these allegations, the court will determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. Id. Legal conclusions couched as factual allegations are not sufficient, Twombly, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). If the complaint alleges each of the elements of "some viable legal theory," the plaintiff should be given the opportunity to prove that claim. Twombly, 550 U.S. at 562.

In ruling on a motion under Rule 12(b)(6), a court may consider the factual allegations made in the complaint and documents attached to the complaint or motion to dismiss which are integral to the complaint. Fed. R. Civ. P. 12(d); Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Additionally, the court may consider matters of which a court may take judicial notice, and may properly consider judicially noticed facts that are matters of public record in deciding a Rule 12(b)(6) motion to dismiss. See Tellabs, Inc. v. Makor Issues & Rights, Ltc., 551 U.S. 308, 322 (2007); Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

"Complaints filed by pro se plaintiffs are construed more liberally than those drafted by an attorney." Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *3 (E.D.Va. May 28, 2009) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, a pro se plaintiff's " 'obligation to provide the ground of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " Thigpen v. McDonnell, 273 Fed. App'x. 271, 273 (4th Cir.2008) (unpublished) (quoting Erickson v.

Pardus, 551 U.S. 89, 94 (2007); Twombly, 550 U.S. at 555 (internal quotation marks omitted)) (applying Twombly to pro se complaint).

### III. ANALYSIS

Under the federal Copyright Act, copyright infringement occurs when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). In order to prove copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Robinson v. New Line Cinema Corp., 211 F.3d 1265 at *1 (Table) (4th Cir. 2000) (citing Feist Publications, Inc. v. Rural Telephone Serv. Co., Inc., 499 U.S. 340, 361 (1991)). Defendants attach to their Motion a copy of a receipt of Plaintiff's copyright (Def's Ex. A), and Plaintiff attaches a copy of his copyright to his response, which the Court considers as they are "integral to the complaint and authentic." Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004).

Under typical circumstances, upon presentation of a valid copyright, the remaining element to be proven is copying of constituent elements of the work. Where there is no evidence of direct copying, a Plaintiff can establish a prima facie case of infringement by showing defendant's access to the plaintiff's work and substantial similarity between the plaintiff's and defendant's works. Robinson v. New Line Cinema Corp., 211 F.3d 1265 at *1 (Table) (4th Cir. 2000) (citing Towler v. Sayles, 76 F.3d 579, 582-83 (4th Cir.1996)); see also Bailey v. New Regency Productions, Inc., 210 F.3d 360 at *1 (Table) (4th Cir. 2000) (citing Dawson v. Hinshaw Music Inc. 905 F.2d 731, 732 (4thCir. 1990)).

In this case, Mr. Bailey presents evidence of a valid copyright for his "Poison Passion" screenplay from 1992. He also presents evidence, based on his other attachments, suggesting that he

has been in contact with Defendant BET since 2000, incorporated as integral to his Complaint. (Pl.'s Opp'n 8, Niles Letter.)   However, Plaintiff's claim must fail as he has not submitted any evidence or allege any facts of Defendants' access prior to 2000.

Defendants have furnished the Court with a copy of a *New York Times* article dated December 21, 1981 about the Broadway production of "Dreamgirls," describing three characters of the same name and occupations, namely Effie, Deena, and James Early, whom Mr. Bailey identifies from the movie "Dreamgirls," which he accuses of infringement.  (Def.'s Mot. to Dismiss Ex. B.) The newspaper article was written in 1981, well more than twenty years ago.  Rule 902 of the Federal Rules of Evidence provides that newspapers and periodicals are self-authenticating.  Fed. R. Evid. 902(6).  The statements therein are excluded from the hearsay rule under the ancient document exception.  See, e.g., Unites States v. Kalymon, 541 F.3d 624, 633 (6th Cir. 2008).  The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question."  Fed. R. Evid. 201(b).  Defendants note in their Response memorandum that the 2006 motion picture "Dreamgirls" was based on this Broadway production, and more importantly, the characters briefly described in Plaintiff's Complaint appear to be those described in the newspaper article which describes the earlier Broadway production.

In his response, Mr. Bailey does not produce any evidence to dispute that the story from the Broadway play "Dreamgirls" described in the article is distinct from that of the "Dreamgirls" film about which he alleges infringement.  Instead, his Response and Complaint confirm that his work was copyrighted in 1992, and that his contact with Defendants commenced in 2000.  Bailey has not presented any evidence to rebut Defendants' assertion that the characters and storyline of the 2006 film "Dreamgirls" that he accuses of infringement were the same characters created for the

Broadway musical "Dreamgirls" in 1981, eleven years before Mr. Bailey copyrighted his screenplay.

For this reason, even if all elements of Plaintiff's claim are taken as true, it is not plausible that Defendants infringed his copyright when their work is based upon a work produced more than a decade prior to his copyright registration. Because this is sufficient grounds upon which to dismiss Plaintiff's claim, the Court need not address Defendants' remaining arguments.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) WITH PREJUDICE. Subsequently, Plaintiff's Motions for Discovery of Evidence (Doc. Nos. 8 & 14), Motion for Pre-Trial Hearing (Doc. No. 9), and Motion for Constitutional Opposition (Doc. No. 15) are DENIED as moot. An appropriate Order shall issue forthwith.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record and to the pro se plaintiff.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this  3rd   day of May 2010